IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

Highland Community Bank, )
       Plaintiff, )
  v. )  Case No.: 07 CH 36822
Little Lamb Scholastic Academy, Inc.; Pamela )
Walker; Gary Walker; Unknown Owners and )
Non-Record Claimants, )
       Defendants. )

## JUDGMENT FOR FORECLOSURE AND SALE

 THIS CAUSE having been duly heard by this Court upon the record herein, the Court FINDS:
It has jurisdiction to the parties hereto and the subject matter hereof.

1.  That all the allegations of the Complaint, and those deemed to have been made pursuant to 735 ILCS 5/15-1504, are true and proven, that by entry of this Judgment, the mortgages and agreements which are the subject of these proceedings are merged and extinguished by this Judgment, and that by virtue of the Mortgages, evidenced and affidavits of indebtedness secured thereby alleged in the Complaint, there is due to the Plaintiff, and it has a valid subsisting lien on the property described hereafter for, the following:

**NOTE 3361900300**

| | |
|---|---|
| Principal, Accrued Interest, Late Charges, Fees, Annual Fees, Title/Appraisal, to April 24, 2008: | $ 836,677.12 |
| Interest from April 25, 2008 through the date of judgment at $315.82 per day: | $25,897.24 |

**NOTE 3404900100**

| | |
|---|---|
| Principal, Accrued Interest, Late Charges, Fees, Annual Fees, Title/Appraisal, to April 24, 2008: | $ 155,480.70 |
| Interest from April 25, 2008 through the date of judgment at $56.65 per day: | $ 4645.30 |

**NOTE 3404900200**

| | |
|---|---|
| Principal, Accrued Interest, Late Charges, Fees, Annual Fees, Title/Appraisal, to April 24, 2008: | $ 150,131.59 |
| Interest from April 25, 2008 through the date of judgment at $54.00 per day: | $ 4428.00 |

Costs of Suit:                        $ 1,126.95

Attorneys' Fees: $ 18,447.50

GRAND TOTAL $ 1,196,834.40

2. The Court further finds that there is due and owing to the Defendants immediately hereinafter stated, if any, the sums set forth, as a lien(s) upon the subject premises subordinate and inferior to the lien and interest of the Plaintiff pursuant to the verified pleadings filed herein:

   None

3. That by its terms said mortgage provides that the attorneys for the Plaintiff shall be entitled to an award of reasonable attorneys fees herein, and, that included in the above indebtedness are attorneys' fees, that the following sum is hereby allowed to the Plaintiff.

   $ 18,447.50

4. That under the provisions of said Mortgage, the costs of foreclosure are an additional indebtedness for which the Plaintiff should be reimbursed, and that such expenses are hereby allowed to the Plaintiff.

5. That advances made in order to protect the liens of the judgment and to preserve the real estate, such as, but not limited to, payment of real estate taxes and special assessments, property maintenance, inspections, and appraisals, insurance premiums incurred by the Plaintiff and not included in this Judgment lien and bear interest from the date of advance by the mortgagee at the interest rate upon the subject mortgage pursuant to 736 ILCS 5/15-1603(d)(l) and 5/15-1603(d)(2).

6. That the Mortgage described in the Complaint and hereby foreclosed appears of record in the Office of the Recorder of Registrar of Deeds, Cook County, Illinois as Document No. 0708005091 and the property herein referred to and directed to be sold is legally described, commonly known as 10126 South Western Avenue, Chicago, IL 60643, and a general description of the improvement thereon is as follows:

LOT 9, 10 AND THAT PART OF LOT 8 DESCRIBED AS FOLLOWS: COMMENCING AT A POINT ON THE WEST LINE OF SAID LOT 8, 8.96 FEET SOUTH OF THE NORTHWEST CORNER THEREOF; THENCE EAST ALONG A LINE PARALLEL TO THE NORTH LINE THEREOF, 21 FEET; THENCE SOUTHEAST TO A POINT WHICH IS 14.11 FEET SOUTH OF THE NORTH LINE OF SAID LOT 8, 13.91 FEET SOUTH OF THE NORTHEAST CORNER THEREOF; THENCE SOUTH ALONG EAST LINE OF SAID LOT TO SOUTHEAST CORNER THEREOF; THENCE NORTH ALONG WEST LINE OF SAID LOT TO PLACE OF BEGINNING ALL IN BLOCK 2 IN O. RUETTER AND COMPANY'S BEVERLY HILLS ADDITION, A SUBDIVISION IN THE SOUTHEAT ¼ OF SECTION 12, TOWNSHIP 37 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, REFERENCE BEING HAD TO A PLAT RECORDED MAY 5, 1923 AS DOCUMENT 79165670, IN COOK COUNTY, ILLINOIS.

P.I.N.: 24-12-428-032-0000

7. That the Mortgage herein referred to secure the Adjustable Rate Note executed by:

   Pamela Walker

8. That the rights and interests of all the Defendants to this cause in and to the property hereinbefore described are inferior to the lien of Plaintiff heretofore mentioned.

9. The defendants have waived their equitable right of redemption.

   IT IS ORDERED AND ADJUDGED that the Court finds that the subject real estate is NON-RESIDENTIAL in nature as defined by 735 ILCS 5/15-1219 and that the right of redemption has been waived.

   IT IS ORDERED AND ADJUDGED that the right to cure the default and reinstate the subject mortgages shall expire ninety (90) days after the date upon which the court obtained jurisdiction over the owners of the equity of redemption as set forth above.

   IT IS ORDERED AND ADJUDGED that the right to redeem herein has been waived by the mortgage.

   IT IS ORDERED AND ADJUDGED that any and all leasehold and/or possessory rights of the named parties hereto designated as Tenants or Parties in Possession be and are hereby terminated.

That the original Notes and the original Mortgages have been offered in evidence and exhibited in open court and Plaintiff is hereby given leave to withdraw the original Agreements and the original Mortgages and in lieu thereof, substitute true and correct copies which are attached to the Complaint filed herein, and no further copies need to be filed.

This Judgment is entered pursuant to 735 ILCS 5/15-1601(b) and 15-1506 of the Illinois Revised Statutes.

IT IS FURTHER ORDERED AND ADJUDGED that the real estate hereinabove described, together with all improvements thereon and appurtenances belonging thereto, or so much thereof as may be necessary to pay the amounts found due, and which may be sold separately without material injury to the parties in interest, be sold at public venue to the highest and best bidder for cash, by the Sheriff or Judge of Cook County or Judicial Selling Officer, Illinois, in a place ordinary and customary for such sales; that attorneys for Plaintiff shall give notice of the time, place and terms of such sale by publishing the same at least once in each week for three successive weeks in a secular newspaper of general circulation published in Cook County, Illinois, the first publication to be not more than forty-five (45) days prior to the date of said sale and the last of such notices shall be published not less than seven (7) days prior to the date of such sale, as by 735 ILCS 5/15-1507 is provided by advertisement in the section of that newspaper where legal notice are commonly placed, and by separate advertisement in the section of that or some other newspaper where real estate other than that being sold as part of legal proceedings is commonly advertised to the general public, provided that where both newspapers does not have separate legal notices and real estate advertisement sections, a single advertisement shall be sufficient. The Attorneys for the Plaintiff shall also give notice of public sale to all

parties herein who have not been found by the Court to be in default pursuant to Section 15-1507(c)(3).

The Plaintiff or any of the parties hereto may become the purchaser at such sale. If the Plaintiff is the successful bidder at the sale, the amount due the Plaintiff, plus all costs, advances and fees hereunder with interest incurred between the entry of judgment and sale shall be taken as a credit on its bid at the sale.

That the Sheriff, Judge or other Sale Officer may adjourn or continue the sale subject to the notice and advertisement requirement of section 15-1507(4).

TERMS OF SALE: The Sheriff, Judge or Sale Officer shall offer for sale the real estate described herein with all improvements thereon and appurtenances belonging thereto, or so much thereof as may be necessary to pay the amounts to be found due herein and which may be sold separately without material injury to the parties in interest, at a public sale and for cash to the highest bidder by requiring payment of not less than ten percent (10%) at the time of sale and the balance to be paid within twenty-four (24) hours thereafter plus interest at the mortgage rate from the date of sale to the date of payment. All payments of the amount bid shall be in cash or certified funds payable to the Sheriff, Clerk of the Court, or Sale Officer. In the event the bidder fails to comply with the terms of the sale bid, then upon demand by the Plaintiff's attorney in the form of notice served upon the Sale Officer, the funds submitted shall be forfeited to the Plaintiff. Notice by regular mail to the address given by the bidder at the sale shall be deemed sufficient notification by Plaintiff to exercise its option to forfeit the funds paid by the bidder hereunder. The subject premises shall be offered for sale without representation as to the nature, quality or quantity of title or recourse to Plaintiff.

That out of the proceeds of such sale, the Sheriff, Judge or Sale Officer shall distribute the proceeds in the following priority:

(a)  Retain his fees, disbursements and commission on such sale;

(b)  The reasonable expenses for securing possession before, holding, maintaining and preparing the real estate for sale, including payment of real estate taxes and other governmental charges, insurance premiums, receiver's and management fees, attorneys' fees, payments made pursuant to Section 15-1505, and expenses incurred by the mortgagee pursuant to statute or as by the mortgage is provided;

(c)  To the Plaintiff, or its attorney of record, the amounts found to be due to Plaintiff in this Judgment with statutory interest;

(d)  To the parties mentioned in Paragraph 3, if any, the sums mentioned therein with statutory interest, except on attorneys' fees as their priorities appear.

That said Sale Officer, upon making such sale, shall with all convenient speed, report the same to the Court for its approval and confirmation, and he shall likewise report the distribution of the proceeds of sale and his acts and doings in connection therewith; that the Sheriff or Judge take receipts from the respective parties to whom he may have made payments as aforesaid, and file same with his report of sale and distribution in this Court; that if after the payment of all the

foregoing items there shall be a remainder, he holds the surplus subject to the further Order of this Court, and that if there be insufficient funds to pay in full amounts found due herein, he specify the amount of deficiency in his report of sale. That Plaintiff shall be entitled to a deficiency for such amount IN REM, or IN PERSONAM as by the Court determined, upon Petition of the Plaintiff to approve the report of sale and distribution.

That upon the sale of the mortgaged real estate, the Sale Officer shall promptly give a receipt of sale to the purchaser. The receipt shall set forth the description of the real estate purchased and state the amount paid or to be paid therefore. An additional receipt shall be given at each subsequent payment. Upon the request of the successful bidder, the Sale Officer shall deliver a certification in accord with Sections 12-119 and 12-121 of the Code of Civil Procedure. The certificate of sale shall be freely assignable by endorsement thereon.

The Court shall, upon notice in accord with the rule of the Court applicable to motions generally, conduct a hearing to confirm the sale, and enter an order providing said sale in confirmed and include an award for possession which shall become effective thirty (30) days after entry. The confirmation order may also:

(a)   Approve the mortgagee's fees, costs and additional advances arising betwwen the entry of Judgment or Foreclosure and the confirmation;

(b)   Providing for the finding of a personal judgment against those deemed personally liable therein;

(c)   Determined the priority of the judgments of parties who deferred proving the priority pursuant to Section 15-1506(h).

That in the event the subject real estate is sold to the mortgagee or its nominee for a sum less than the amount necessary to redeem as set forth in Section 15-1603(d), then the owner of the right to redeem as set forth in Section 15-1603(a) shall have a special right to redeem for a period ending thirty (30) days after the date of confirmation of such sale to redeem by paying the amount in the manner set forth in Section 15-1604 of the Code of Civil Procedure. Property so redeemed shall remain subject to a lien for any deficiency remaining and such lien shall have the same priority as the underlying mortgage foreclosed herein without any rights of homestead.

The Sale Officer, upon evidence of the confirmation of sale and payment of the amount bid at sale or deposit of appropriate receipts, shall execute and deliver to the holder of the certificate of sale, or if not certificate of sale has been issued, then to the holder of the receipt issued for tender of the amount bid at sale, or the assignee thereof, a deed sufficient to convey title, and said conveyance shall be an entire bar to all claims of any party hereto and all persons claiming hereunder and all claims of Unknown Owners and Non-record Claimants.

In the event the subject real estate is registered with the Registrar of Torrens Titles of Cook County, Illinois, it is further ordered that the Registrar of Torrens Titles is hereby directed to cancel the outstanding Certificate of Title and issue a new Certificate without requiring the surrender of the Mortgagee's Duplicate Certificate of Title.

The Court retains jurisdiction for the purpose of enforcement of this Judgment, approval of sale,

and for the purpose of appointing a Receiver.

_____, 2008
ENTERED

_____
JUDGE

Ehrenberg & Egan, LLC
330 N. Wabash Ave., Suite 2905
Chicago, IL 60611
(312) 253-8640
Attorney No.: 44451

*Judge Lisa R. Curcio*
*JUL 1 5 2008*
*Circuit Court - 1864*